IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**JOSE LUIS CRUZ,**

    Petitioner,

v.                                                           Civil Action No. **3:14CV22**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Jose Luis Cruz, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court of Fairfax County (hereinafter "Circuit Court"). On November 26, 2014, the Magistrate Judge issued a Report and Recommendation that recommended dismissing the action. The Court advised Cruz that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Cruz filed four objections. (ECF No. 13.) For the reasons that follow, Cruz's objections will be OVERRULED, the Motion to Dismiss (ECF No. 8) will be GRANTED, and the action will be DISMISSED.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendation:

Cruz argues entitlement to relief on the following grounds:

Claim One:   Counsel rendered ineffective assistance[1] for not requesting a competency hearing.
Claim Two:   The Circuit Court violated his due process rights[2] by failing to hold a competency hearing.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

Claim Three: "Mr. Cruz was denied due process – due to his inability to hear and actively participate in his own defense." (§ 2254 Pet. 7.)
Claim Four: The Circuit Court denied Cruz's due process rights when the Circuit Court admitted evidence of a prior bad act.
Claim Five: Insufficient evidence existed to convict Cruz.
Claim Six: Counsel rendered ineffective assistance for "failing to conduct a proper investigation of the case and present an alternative defense." (*Id.* at 10.)

Respondent has moved to dismiss the action (ECF No. 8). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because Claims Two and Five are procedurally defaulted and Claims One, Three, Four, and Six lack merit.

### A. Factual and Procedural History

After a jury trial, Cruz was convicted of second degree murder of his wife in the Circuit Court. *See Commonwealth v. Cruz*, No. FE-2009-2287, at 1-2 (Va. Cir. Ct. Nov. 29, 2010). During trial, the evidence established that on December 20, 2007, Matilde Cruz was found dead in the driver's seat of a car in the backyard of Cruz's home. (July 12, 2010 Tr. 177, 218-21.) The car appeared to have traveled over the retaining wall and hit the house. (July 12, 2010 Tr. 218.)

Matilde Cruz had moved out of Cruz's home in November. (July 12, 2010 Tr. 149, 195.) Earlier on December 20, 2007, John Cruz, Cruz's adult son, woke up to a loud noise, went outside to investigate, and observed his father climbing up the retaining wall in the backyard. (July 12, 2010 Tr. 153, 162.) Cruz's son observed no one else with Cruz. (July 12, 2010 Tr. 193-94.) Cruz told his son to go inside, and explained that the loud noise and the blood on his hands was from a mirror breaking. (July 12, 2010 Tr. 162-63, 203.) After Cruz's son took a shower (July 12, 2010 Tr. 167), Cruz and his son went to Bank of America where Cruz had his son's name placed on Cruz's bank accounts. (July 12, 2010 Tr. 168-69.) Cruz also unsuccessfully attempted to have his son's name placed on the deed of the house while at the bank. (July 12, 2010 Tr. 168-69.) Cruz and his son then traveled to a travel agency because Cruz needed to have something notarized. (July 12, 2010 Tr. 170, 206.) Cruz's son then left for school. (July 12, 2010 Tr. 171.)

A few hours later, Cruz's son returned home and his father was not at the house. (July 12, 2010 Tr. 172.) Cruz's son found his mother dead in the front seat of her car in the backyard and called 911. (July 12, 2010 Tr. 175-79.) Matilde Cruz died of multiple stab wounds in her neck. (July 12, 2010 Tr. 121.) Cruz's son testified that he did not see or hear from his father again until August 2009 (July 12, 2010 Tr. 189), when Cruz was extradited from Mexico. (July 13, 2010 Tr. 111.)

Cruz's pastor testified that in November 2007, Cruz called him and told him that he observed Matilde Cruz shopping near the house, made her come to his house, and then tried to choke her. (July 13, 2010 Tr. 109.) Cruz's other adult

son, David, testified that he found Cruz with a belt around his mother's neck and stopped his father from hurting her. (July 13, 2010 Tr. 87, 109.)

Prior to sentencing, Cruz moved to set aside the verdict arguing that he was denied due process of law because he could not hear during trial. Notice and Motion to Set Aside Verdict at 2, *Commonwealth v. Cruz*, No. FE-2009-2287 (Va. Cir. Ct. Nov. 12, 2010). The Circuit Court denied Cruz's motion to set aside the verdict and sentenced Cruz to thirty years in prison. *Commonwealth v. Cruz*, No. FE-2009-2287, at 1-2 (Va. Cir. Ct. Nov. 29, 2010).

Cruz appealed his convictions. The Court of Appeals of Virginia denied the petition for appeal. *Cruz v. Commonwealth*, No. 2668-10-4, at 1-5 (Va. Ct. App. Aug. 23, 2011). A three-judge panel of the Court of Appeals of Virginia also denied the petition for appeal. *Cruz v. Commonwealth*, No. 2668-10-4, at 1 (Va. Ct. App. Nov. 17, 2011). The Supreme Court of Virginia refused Cruz's subsequent petition for appeal. *Cruz v. Commonwealth*, No. 112243, at 1 (Va. May 1, 2012).

Cruz filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising claims similar to those he raises in the instant § 2254 Petition. Petition for Writ of Habeas Corpus at 4-5, *Cruz v. Dir. of Dep't of Corr.*, No. 130706 (Va. Apr. 29, 2013). Finding that Cruz had defaulted a portion of his first claim (Claim Two in his § 2254 Petition) and his fourth claim (Claim Five in his § 2254 Petition) under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), that Cruz had failed to show ineffective assistance of counsel, and that Cruz's remaining claims were barred by the rule in *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495, 496 (Va. 2003), the Supreme Court dismissed the petition. *Cruz v. Dir. of the Dep't of Corr.*, No. 130706, at 1-4 (Va. Aug. 27, 2013).

**B.     Analysis**

    **1.     Exhaustion and Procedural Default**

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims

3

advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Supreme Court of Virginia found that Cruz procedurally defaulted Claim Two and Claim Five pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Cruz could have, but failed, to raise these claims at trial and on direct appeal. *Cruz v. Dir. of the Dep't of Corr.*, No. 130706, at 1-3 (Va. Aug. 27, 2013). *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, Cruz has procedurally defaulted Claims Two and Five unless he demonstrates cause and prejudice to excuse his default or his actual innocence. Cruz fails to do so. Accordingly, it is RECOMMENDED that Claims Two and Five be DISMISSED.

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

## 2. The Applicable Constraints upon Federal Habeas Corpus Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## 3. Remaining Due Process Claims

In Claim Three, Cruz argues that he "was denied due process – due to his inability to hear and actively participate in his own defense." (§ 2254 Pet. 7.) In rejecting this claim on direct appeal, the Court of Appeals of Virginia[4] aptly explained:

> The Due Process Clause, as applied to the states through the Fourteenth Amendment, guarantees that every defendant shall receive a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984).
> Appellant was provided with an interpreter and headphones. The trial court states that any time during the trial when appellant indicated he was unable to hear, the court stopped the proceeding and addressed the matter. The trial court also noted

---

[4] Because the Supreme Court of Virginia summarily rejected Cruz's petition, this Court looks to the decision of the Court of Appeals of Virginia in addressing Claim Three. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

> it had provided appellant with all of the resources it had available in order to deal with appellant's complaints. In addition, the trial court stated that appellant "appeared to understand what was going on" and "he responded appropriately" to the events during the trial. Furthermore, appellant testified at the trial. The trial court found no reason to conclude appellant did not fully understand the proceedings.
> A review of the trial transcript shows that the few times appellant indicated he could not hear the proceedings, the trial court stopped the trial and addressed the issue. In addition, during the trial, the trial court asked several witnesses to speak slowly for the interpreter and it asked several witnesses to pull the microphone closer to them. Thus, the trial court timely and appropriately addressed matters related to the ability of the appellant and the interpreter to hear the proceedings as those issues arose during the trial. In addition, as noted above, appellant testified at the trial, thereby participating in his defense. On this record, we cannot say appellant's due process rights were violated.

*Cruz v. Commonwealth*, No. 2668-10-4, at 2 (Va. Ct. App. Aug. 23, 2011.) The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

During a pretrial hearing, counsel notified the Circuit Court that Mr. Cruz was "very hard of hearing," and requested "an interpreter . . . with earphones" to ensure that Cruz could hear the proceedings." (July 8, 2010 Tr. 2-3.) The Circuit Court immediately obtained an interpreter and tested the audio equipment until Cruz could hear the questions posed to him and provide an answer. (July 8, 2010 Tr. 5-6.) Cruz indicated that he could only hear out of his right ear but could read lips and previously had a hearing aid but it was broken. (July 8, 2010 Tr. 7-8.) Counsel for the Commonwealth pointed out that "he's obviously had no problem understanding me regarding my argument. And that causes real concern to the Commonwealth. That in some way he's playing this hearing. I think he understands completely what's going on here." (July 8, 2010 Tr. 10.) The Circuit Court noted that "I do think it's unusual that it's not until July 8th, 2010 that the Court learns there is a hearing problem with Mr. Cruz." (July 8, 2010 Tr. 10.) Out of abundance of caution, the Circuit Court ordered a recess until the audio equipment worked in the courtroom and the sheriff produced Cruz's purportedly broken hearing aid. (July 8, 2010 Tr. 11.) After the recess, Cruz complained the audio equipment made voices too loud. (July 8, 2010 Tr. 12.) Cruz later clearly heard the judge's questions and responded appropriately. (*See* July 8, 2010 Tr. 16–21.) When Cruz complained that he could not see the interpreter's mouth, the interpreter repositioned herself so that he could. (July 8, 2010 Tr. 22.)

On the first day of trial, the Circuit Court provided Cruz with the head set (July 12, 2010 Tr. 7) and the interpreter positioned herself so Cruz could read her lips. (July 12, 2010 Tr. 12-13.) At the beginning of the second day of trial, the Circuit Court confirmed that the audio equipment was working. (July 13, 2010 Tr. 5-6.) The few times during trial in which either the interpreter or Cruz noted

problems with the audio equipment or Cruz noted that he could not see the interpreter's lips, the Court stopped the proceeding and corrected the problem. (*See, e.g.*, July 12, 2010 Tr. 12-13, 31-32.)

Courts have found no due process violation exists when a defendant fails to "inform[ ] the court during the trial that he could not understand the proceedings due to his hearing problem." *Chapman v. Abbott*, 137 F. App'x 161, 164 (10th Cir. 2005) (citing *Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989); *United States v. Vargas*, 871 F. Supp. 623, 625 (S.D.N.Y. 1994)); *see Hoke v. Miller*, No. 02-CV-0516, 2007 WL 2292992, at *6 (N.D.N.Y. Aug. 6, 2007). Despite Cruz's contention on habeas that he could not hear, nothing in the trial record suggests that "the judge *was* or *should have been* aware that [Cruz's] hearing problems left him unable to comprehend the proceedings." *Chapman*, 137 F. App'x at 164; *see Hoke*, 2007 WL 2292992, at *6. Instead, the record demonstrates that the Circuit Court made accommodations to address Cruz's complaints that he could not hear, and would have addressed any further complaints if Cruz had notified the Court that the problem persisted. *See Hoke*, 2007 WL 2292992, at *6 (finding no due process violation when court addressed and accommodated defendant's hearing difficulties and defendant "never requested additional accommodations be made or advised the trial court that he was unable to participate meaningfully in his defense").

While Cruz generally claims he "could not hear all of the complete proceedings against him," (Mem. Supp. § 2254 Pet. 10), he fails to identify a specific instance where he could not hear. Cruz points only to the July 8, 2010 hearing where the Court clearly addressed and corrected the problem. The record demonstrates that "despite this acknowledged hearing problem, [Cruz] heard and understood the proceedings against him." *Chapman*, 137 F. App'x at 164. Thus, Cruz fails to demonstrate a violation of his due process rights, and it is RECOMMENDED that Claim Three be DISMISSED.

In Claim Four, Cruz contends that the Circuit Court violated Cruz's due process rights when the Circuit Court admitted evidence of a prior bad act during trial. Proper exhaustion requires a petitioner to present his claims in accordance with the state's "chosen procedural scheme." *Mallory*, 27 F.3d at 995. As the Court previously observed, "Virginia's chosen procedural scheme requires prisoners seeking habeas relief to utilize a standard form prescribed by statute." *Reyes v. Kelly*, No. 3:09CV23-HEH, 2009 WL 3109856, at *2 (E.D. Va. Sept. 25, 2009) (citing Va. Code Ann. § 8.01-655). In his § 2254 Petition, Cruz contends that he exhausted his due process challenge to the admission of evidence by claiming in his state habeas petition that the admission of evidence violated due process. *See* Petition for Writ of Habeas Corpus at 5, *Cruz v. Dir. of Dep't of Corr.*, No. 130706 (Va. Apr. 29, 2013). However, Cruz failed to fairly present his due process challenge in Claim Four in accordance with Virginia's "chosen procedural scheme." *Mallory*, 27 F.3d at 995.

On direct appeal, Cruz challenged the admission of the evidence of a prior bad act as only a violation of state law. *See* Petition for Appeal at 9-13, *Cruz v. Commonwealth*, No. 112243 (Va. Dec. 19, 2011). In his state habeas petition, Cruz added a due process aspect to this claim and falsely stated that he had raised the due process aspect in the Supreme Court of Virginia on direct appeal. *See*

Petition for Writ of Habeas Corpus at 5, *Cruz v. Dir. of Dep't of Corr.*, No. 130706 (Va. Apr. 29, 2013). Understandably, based on Cruz's misrepresentation, the Supreme Court of Virginia dismissed this claim because it had already been decided on direct appeal. *Cruz*, No. 130706, at 2-3 (citing *Henry*, 576 S.E. 2d at 496); *see Reyes*, 2009 WL 3109856, at *3-4. In light of the foregoing information on the statutorily prescribed habeas form, Cruz failed to fairly present his due process claim to the Supreme Court of Virginia, and the due process aspect of Claim Four is procedurally defaulted. *See Mallory*, 27 F.3d at 996 (emphasizing that exhaustion requires a petitioner to properly complete the standard form); *Reyes v. Kelly*, No. 3:09CV23-HEH, 2011 WL 5149975, at *4 (E.D. Va. Sept. 20, 2011) (citing Va. Code Ann. § 8.01-654(B)(2)). Thus, Cruz procedurally defaulted the due process portion of Claim Four. Nevertheless, because Respondent failed to argue that Cruz procedurally defaulted this claim, the Court addresses Claim Four on its merits.

In Claim Four, Cruz argues that the Circuit Court improperly permitted the prosecution to admit into evidence that Cruz had previously assaulted his wife, because his "prior relationship with his wife was not at issue" and "[was] obviously being used to show Mr. Cruz's bad character." (Mem. Supp. § 2254 Pet. 12-13.) "In federal habeas actions, [the court does] not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in the denial of a constitutionally fair proceeding." *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000) (citations omitted). A state court ruling on the admissibility of evidence is cognizable on habeas only when the admission of the evidence itself "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Powell v. Kelly*, 531 F. Supp. 2d 695, 714 (E.D. Va. 2008) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Cruz fails to demonstrate how admission of this statement into evidence violates due process.

In rejecting this claim on state law grounds on direct appeal, the Court of Appeals of Virginia aptly explained:

> "Evidence of other offenses is admissible if it shows the conduct and feeling of the defendant toward his alleged victim, if it establishes prior relations between parties, or if it tends to prove any relevant element of the offense charged." *Ryan v. Commonwealth*, 219 Va. 439, 447, 247 S.E.2d 698, 704 (1978).
>
> The Commonwealth sought to introduce evidence that about two weeks prior to the victim's death, appellant held a belt around the victim's neck and choked her with the belt. Appellant and the victim were married at the time, but were separated and the victim had left the marital home.
>
> The evidence showed the conduct and feelings of appellant toward the victim, "established their prior relations, and proved events connected with and leading up to the murder for which [appellant] was on trial." *Gibson v. Commonwealth*, 216 Va. 412, 416, 219 S.E.2d 845, 848 (1975). Moreover, a criminal defendant "has no right to have the evidence 'sanitized' so as to deny the jury

> the knowledge of all but the immediate crime for which he is on trial. *Gregory v. Commonwealth*, 46 Va. App. 683, 696-97, 621 S.E.2d 162, 169 (2005). Accordingly, the trial court did not abuse its discretion by finding the probative value outweighed any incidental prejudicial effects of the evidence and by admitting the evidence.

*Cruz*, No. 2668-10-4, at 1-2. Cruz fails to demonstrate any error by the Circuit Court, much less an error that would make his trial fundamentally unfair. *See Powell*, 531 F. Supp. 2d at 713-14 (quoting *Darden*, 477 U.S. at 181). The probative value of Cruz's recent prior violence toward his wife clearly outweighed any prejudice, and the Circuit Court permitted its introduction for a purpose other than to demonstrate Cruz's bad character. *See, e.g., United States v. Welch*, 238 F. App'x 944, 945-46 (4th Cir. 2007) (finding evidence admissible of prior assault in trial for murder of his wife because "similarity of the conduct alleged tends to demonstrate the absence of mistake or accident"); *United States v. Lentz*, 282 F. Supp. 2d 399, 432 (E.D. Va. 2002) (holding that evidence of defendant's recent prior physical abuse of wife admissible because probative, reliable, and relevant to "motive and intent and capacity to do serious physical harm to the victim" (citing *United States v. Joe*, 8 F.3d 1488, 1495-96 (10th Cir. 1993))). As the admission of evidence here fails to amount to a violation of due process, it is RECOMMENDED that Claim Four be DISMISSED.

### 4. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim One, Cruz argues that counsel rendered ineffective assistance for not requesting a competency hearing. Cruz argues that counsel should have requested a competency hearing because counsel "was acutely aware of his unusual behavior when he was allegedly caught choking his wife approximately one month before her death." (Mem. Supp. § 2254 Pet. 4.) Cruz contends that "counsel's pre-trial investigation would have revealed that Mr. Cruz had recently separated from his wife and how it had affected him mentally and caused various

9

states of depression." (*Id.*) Cruz fails to demonstrate any deficiency of counsel or resulting prejudice.

In rejecting this claim, the Supreme Court of Virginia explained:

> The Court holds that this . . . claim . . . satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner was examined and determined competent before his preliminary hearing in the Juvenile and Domestic Relations Court. Petitioner does not allege he experienced any change in his mental health after the evaluation. Accordingly, counsel could reasonably have determined that any further challenge to petitioner's competency would have been futile. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Cruz*, No. 1431755, at 1-2. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

Contrary to Cruz's assertion, counsel reasonably eschewed asking for yet another competency hearing or presenting the results of the hearing to the Circuit Court as Cruz's competency was not at issue. *See Robidoux v. O'Brien*, 643 F.3d 334, 340 (1st Cir. 2011) (concluding counsel's decision not to pursue defendant's competency was reasonable when no evidence existed that defendant failed to understand proceedings or cooperate with counsel). Cruz also fails to demonstrate any prejudice from counsel's action as he had already been examined for competency prior to trial. Cruz provides no argument to suggest that his mental condition changed between the pretrial examination and his trial. Because Cruz demonstrates neither deficiency nor prejudice, it is RECOMMENDED that Claim One be DISMISSED.

In Claim Six, Cruz argues that counsel rendered ineffective assistance for "failing to conduct a proper investigation of the case and present an alternative defense." (§ 2254 Pet. 10.) Cruz claims that counsel "fail[ed] to investigate adequately and prepare a viable defense based on evidence of other persons [having] committed the murder of his wife, Matilda Cruz." (Mem. Supp. § 2254 Pet. 20.) Cruz then faults counsel for relying on the police report and not developing a defense based on Cruz's contention that two unidentified men murdered his wife and threatened Cruz and his son. (*Id.* at 21.)

In summarizing and rejecting this claim, the Supreme Court of Virginia found:

> [P]etitioner contends he was denied the effective assistance of counsel because counsel failed to conduct a reasonable investigation to support his theory of innocence. Specifically, petitioner contends counsel did not attempt to corroborate petitioner's claim that two other men killed his wife and forced

10

> him to withdraw money from his bank and travel with them to Mexico.
> The Court holds that [this] claim . . . satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. Petitioner does not proffer any evidence of his innocence or explain what further investigation by counsel would have revealed. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Cruz*, No. 1431755, at 3. The Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

While Cruz faults counsel for not developing and presenting his theory of defense, Cruz fails to demonstrate any deficiency of counsel or resulting prejudice. The jury heard testimony from one witness who spoke to Cruz days after the murder and explained that Cruz told him that two men had murdered his wife when she refused to give them money and that they would kill Cruz as well. (July 13, 2010 Tr. 111-14.) Cruz also testified in his own defense at trial and provided his fantastical and inconsistent account that two men came to his house and threatened him, that he heard a loud noise and found his wife dead in the car, and that the men subsequently made him give them money and fly to Mexico. (July 13, 2010 Tr. 147-77.) The jury rejected his testimony and found Cruz guilty of murdering his wife. Cruz also fails to proffer what favorable evidence or testimony counsel's further investigation into this defense would have revealed. Thus, he fails to demonstrate any prejudice. *Goins v. Warden, Perry Corr. Inst.*, 576 F. App'x 167, 173 (4th Cir. 2014) (citing *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990)). Cruz fails to demonstrate that counsel rendered ineffective assistance, and the Court RECOMMENDS that Claim Six be DISMISSED.

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and that the action be DISMISSED.

## II. STANDARD FOR REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. CRUZ'S OBJECTIONS

In Cruz's first objection he "raises the issue of the ambiguity of the recommendation as to the grounds upon which his fourth claim is to be rejected." (Obj. 1 (capitalization corrected) (emphasis omitted).) Specifically, Cruz challenges that his "fourth claim is addressed in two different fashions" because the Magistrate Judge found the claim procedurally defaulted in part, however, analyzed the merits as well. (*Id.* at 1–2.) Despite Cruz's belief that this finding was "sufficiently nebulous," (*id.* at 3), the Court fails to discern anything vague about the Magistrate Judge's conclusion. The Magistrate Judge explained that although the due process portion of Claim Four was defaulted, the claim also lacked merit. Cruz's first objection is overruled.

In his second objection, Cruz asserts for the first time that "'cause and prejudice' . . . exist to excuse the procedural fault under *Slayton v. Parrigan*" of Claims Two and Five. (*Id.* at 4 (capitalization corrected) (emphasis omitted).) Cruz argues that the default "can be excused because trial and appellate counsel were ineffective in failing to raise the issue" and "had counsel raised this issue, it would have had a reasonable probability of being successfully litigated." (*Id.*) Cruz's vague assertion that counsel's failure to raise these claims, without any supporting argument, fails to sufficiently amount to cause and prejudice to excuse his default of these claims. Moreover, as explained in Claim One, counsel reasonably eschewed asking the Circuit Court to hold another competency hearing for Cruz when Cruz had previously been found competent prior to trial. Thus, the Court fails to discern any prejudice to Cruz from counsel's

failure to object to or raise on appeal a challenge to the Circuit Court's failure to hold a competency hearing.

Cruz also vaguely asserts that "the evidence to convict him was too sparse," and counsel's failure to challenge the insufficiency of the evidence serves as the cause for the default of Claim Five. (*Id.*) The Court fails to discern how counsel could have reasonably challenged the sufficiency of the evidence and Cruz supplies no basis upon which counsel could have done so. While Cruz faults counsel for failing to pursue his desired line of defense that someone else murdered his wife, the evidence revealed nothing to support this defense. The Court fails to discern any prejudice from counsel's failure to pursue either Claim Two or Five.

In his third objection, Cruz again faults counsel for failing to request a competency hearing. To bolster his claim, Cruz points to the Magistrate Judge's statement that Cruz's testimony about the murder to be "'fantastical'" and "'inconsistent.'" (*Id.* at 6 (citation omitted).) While Cruz claims that counsel should have taken further steps to ensure that he was competent, he fails to suggest that his mental condition changed between the juvenile and domestic relations court's determination that he was competent and his trial, in a manner that would have alerted counsel to the need for his re-examination. The Court discerns no error with the Magistrate Judge's conclusion that Claim One lacks merit.

In his fourth objection, Cruz states in sum, "Petitioner objects to the Court's finding . . . that Petitioner was not denied due process as it pertains to his hearing issues at trial. Petitioner relies on his original § 2254 petition to support this objection." (*Id.* at 8.) The Court finds no error in the Magistrate Judge's conclusion that Claim Three lacks merit.

## IV. CONCLUSION

Cruz's objections are OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. Respondent's Motion to Dismiss (ECF No. 8) will be GRANTED. Cruz's claims and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3/2/15
Richmond, Virginia

/s/
John A. Gibney, Jr
United States District Judge